## Gifford Wood Company, Appellant, v. Chicago Coated Board Company, Appellee.

### Gen. No. 23,245.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES
C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1917. Reversed and remanded. Opinion filed
April 16, 1918.

### Statement of the Case.

Action by Gifford Wood Company, a corporation,
plaintiff, against Chicago Coated Board Company, a
corporation, defendant, to recover for breach of a con-
tract for the sale and installation of new shafting in
defendant's plant. From a judgment in favor of de-
fendant on his set-off, plaintiff appeals.

NINIAN H. WELCH and WILLIAM J. LACEY, for ap-
pellant.

ROSS C. HALL, CLARENCE N. BOORD and OSCAR H.
OLSEN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

### Abstract of the Decision.

1. CONTRACTS, § 387*—*when unavoidable delay in installation
of shafting in plant is shown.* In an action on a contract for the
sale and installation of shafting in defendant's plant, evidence
*held* sufficient to show that plaintiff was delayed eight days in
completing the work under the contract in not being able to get
the specified goods from a certain manufacturer on account of an
accident caused by the breaking down of the latter's plant, and
that plaintiff was delayed three days by the loss for such period

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

of a car of shafting shipped by the manufacturer, and that each of such delays was beyond the control of plaintiff.

2. Sales, § 300*—*when seller not in default under contract to install shafting.* One who contracts to sell and install shafting in the plant of another is not in default where the time limit in the contract is extended for a valuable consideration, and, after the expiration of the time then limited but before the expiration of the number of days the seller was delayed, due to no fault of its own, the purchaser takes possession of the premises, the contract providing that the seller should not be liable for any "loss, damage or delay" caused by accidents or contingencies beyond its control.

3. Contracts, § 300*—*when seller of shafting not liable for damages for time plant is idle.* Where a contract for the sale and installation of shafting provides that the shafting shall be procured by the seller from a certain manufacturer and that the contract shall be finished by a certain time, but the time for completion is extended before work is commenced and the seller learns that the manufacturer will be delayed in the furnishing of materials because of a breakdown in his plant before the time is extended and does not notify the purchaser until after the time is extended, he is not liable for damages for the days the plant is idle due to such delay, especially where the purchaser gets notice from the manufacturer within a day or two after the seller receives notice.